UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINDA JACKSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FANDOM, INC.,<br><br>    Defendant. | Case No. 22-cv-04423-JST   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 53 |

The parties have a discovery dispute concerning Plaintiffs' requests for production ("RFPs") 3, 4, 7 and 8.  The Court held a hearing on January 24, 2024 and now issues this order.  At the hearing, the Court had an extended discussion with the parties, and it does not repeat that discussion here.

RFP 3 as drafted is overbroad and vague.  For RFP 3, the Court **ORDERS** Fandom to produce non-privileged documents and communications sufficient to show how Fandom implemented and used the Pixel, and shared data through the Pixel, and why, to the extent such documents exist, are reasonably accessible, are within Fandom's possession, custody, or control and that are located after a reasonable search.  Plaintiffs' legal claims are about the sharing of personal information, but they are entitled to some basic information about what Fandom does with the Pixel (aside from just the alleged misconduct) so they can present a comprehensible case.  In presenting their case to the trier of fact, Plaintiffs need to be able to say something about what the Pixel is and the various things Fandom does with it for context.

However, the Court has some concern that requiring Fandom to produce all documents about how it implemented and used the Pixel and about any sort of data shared through the Pixel (even if it's not personal information) could be burdensome and call for the production of a large

number of duplicative documents. The parties have not yet had a sufficient meet and confer to address those concerns. Accordingly, the Court **ORDERS** the parties to meet and confer about whether the "sufficient to show" limitation in the previous paragraph should be removed, and to file a further joint discovery letter brief if needed. Also, if Plaintiffs believe that Fandom's production is not sufficient to show the matters described, they should raise that issue with Fandom, and the parties should meet and confer and file another joint discovery letter brief if necessary.

For RFP 4, the Court **ORDERS** Fandom to produce non-privileged responsive documents to the extent such documents exist, are reasonably accessible, are within Fandom's possession, custody, or control and that are located after a reasonable search. The Court disagrees that "relating to" in the RFP is vague or unclear.

For RFPs 7 and 8 (which are both "sufficient to show" RFPs), the Court **ORDERS** Fandom to produce non-privileged documents to the extent such documents exist, are reasonably accessible, are within Fandom's possession, custody, or control and that are located after a reasonable search. The Court **ORDERS** Fandom to interpret "Subscribers" in the RFPs as defined by the RFPs.

The Court **ORDERS** Fandom to substantially complete these document productions by February 15, 2024.

**IT IS SO ORDERED.**

Dated: January 24, 2024

THOMAS S. HIXSON
United States Magistrate Judge