Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Reid Gaa (SBN 330141)
Anthony Rogari (SBN 353784)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com
arogari@girardsharp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| MATTHEW BEKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No. 4:22-cv-04423-JST<br><br>**DECLARATION OF SIMON S. GRILLE IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: January 16, 2025<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar |

**EXHIBITS 1-4, 6-8, 10-17, 23-24, 26, 28-36, AND 38-51 FILED UNDER SEAL**

I, Simon S. Grille, declare as follows:

1. I am an attorney at the law firm of Girard Sharp LLP, and one of the attorneys of record for Plaintiff.

2. I submit this declaration in support of Plaintiff's Motion for Class Certification. I make this declaration based on my own personal knowledge. If called upon to do so, I would testify under oath to the matters stated herein.

3. This action alleges that Fandom violated the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, by disclosing information about the video content Fandom users requested or obtained on Fandom's website to Meta via the Meta Pixel without those users' consent. The initial complaint was filed on July 29, 2022. Dkt. No. 1. A First Amended Class Action Complaint ("FAC") was filed on September 16, 2022. Dkt. 11.

4. Fandom moved to dismiss the FAC on November 10, 2022. Dkt. 20. Plaintiff opposed on January 11, 2023, and Fandom replied on February 1, 2023. Dkts. 23, 24. The Court issued an order denying Fandom's motion to dismiss on July 20, 2023. Dkt. 36.

5. On August 11, 2023, Plaintiffs filed a Second Amended Class Action Complaint ("SAC"). Dkt. 41. That complaint included Matthew Beke as a named plaintiff. Fandom answered the SAC on August 25, 2023, and then amended its answer on October 12, 2023. Dkts. 42, 50.

6. Plaintiffs in this action drafted and delivered 17 early Rule 34 document requests in advance of the parties' Rule 26(f) conference, and prepared and filed a protective order and an order governing the handling of electronically-stored information, both of which were entered by the Court. Dkts. 46, 47.

7. Since then, Plaintiff has continued to pursue discovery and develop the factual record in the case by:

    a. Serving 21 additional document requests, 7 interrogatories, 38 requests for admission on Fandom;

    b. Negotiating two sets of amended interrogatory responses in which Fandom addressed deficiencies to specific responses;

    c.  negotiating the production of documents from Fandom, including with regard to search terms to query for the production of custodial information, and reviewing those documents;

    d.  conducting a Rule 30(b)(6) deposition of Fandom's corporate designee;

    e.  deposing four current and former Fandom employees;

    f.  deposing Fandom's expert, Ron Schnell, regarding his declaration in support of Fandom's motion for summary judgment;

    g.  defending the deposition of Professor Shafiq;

    h.  serving a subpoena for documents and testimony on non-party Meta Platforms, Inc. ("Meta"), extensively negotiating productions under that subpoena, and deposing Meta's corporate designee in a proceeding consolidated with a different VPPA class action;

    i.  serving subpoenas on two non-party media agencies that Fandom retained to perform work related to the Meta Pixel and negotiating document productions from each;

    j.  setting up an electronic document review platform;

    k.  retaining and working with a computer science expert; and

    l.  completing other necessary tasks to advance this case.

  8.  Plaintiff has also briefed and argued two discovery motions seeking to compel Fandom's production of documents. On January 11, Plaintiff filed a joint discovery letter seeking an order requiring Fandom to produce documents in response to Plaintiff's requests for production ("RFPs") related to Fandom's Meta Pixel and the information it transmitted (RFPs 3, 4, 7, and 8). Dkt. 53. Following a hearing on January 24, the Court granted Plaintiff the relief sought, rejecting Fandom's arguments with respect to RFPs 4, 7, and 8, and narrowing the scope of RFP 3. Dkt. 59. On March 4, Plaintiff moved for an order compelling Fandom to produce documents regarding Fandom's use of the Meta Pixel and its knowledge regarding the information it transmitted (RFPs 19 and 20) and the information contained in Fandom's Meta Business Manager (RFP 24). Dkt. 69. Following oral argument on April 11, the Court ordered Fandom to produce documents in response to RFPs 19 and 20 and directed Fandom to disclose categories of information available in Fandom's Meta Business Manager to facilitate a productive meet and confer on this issue. Dkt. 79.

9. At a Case Management Conference on February 9, 2024, Fandom expressed its intent to bring an early motion for summary judgment. The parties conferred and negotiated a discovery and briefing schedule permitting Fandom to file its motion in advance of the class certification deadline. Dkt. 92. Fandom filed its motion for summary judgment on July 10, which it supported with a declaration from its expert, Mr. Ron Schnell. Dkt. 94. Plaintiff filed his opposition on August 9 along with a rebuttal report from Plaintiff's expert, Professor Zubair Shafiq. Dkts. 107, 107-2. Plaintiff also filed a motion to exclude, or the in alternative strike, the declaration of Mr. Schnell. Dkt. 110.

10. Fandom's deadline to reply is currently August 22 and the Court is currently scheduled to hear Fandom's summary judgment motion on September 12. Dkt. 92.

11. Girard Sharp is a national law firm with extensive experience in prosecuting class actions, including consumer protection and privacy cases. Based in San Francisco, the firm has represented clients throughout the United States in complex consumer, antitrust, securities, civil rights, telecommunications, products liability, and privacy actions since 1995. Girard Sharp is committed to pursuing the claims asserted on behalf of Plaintiff and the Class members. Girard Sharp will fairly and adequately protect the interests of the class members and will continue to apply its resources, experience and skill to vigorously prosecute their claims.

12. Girard Sharp served as class counsel in the following cases, among others:

  a. *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD-VKD (N.D. Cal.). Girard Sharp, acting as co-lead counsel for Plaintiffs, secured a $50 million settlement for purchasers of MacBook laptops fitted with a "butterfly" keyboard. The case was litigated through class certification before settling. The Court granted final approval of the Settlement on May 25, 2023. The settlement returns payments of several hundred dollars to MacBook purchasers who experienced repeat keyboard failures;

  b. *In re U.S. Office of Personnel Management Data Security Breach Litigation*, 15-mc-1394 (D.D.C.). Girard Sharp served as sole lead counsel for the 21.5 million federal government employees whose private information was hacked and taken from U.S. Office of Personnel Management databases. After the district court dismissed the class claims on standing and immunity grounds, Girard Sharp coordinated a team effort among plaintiffs' counsel that led to a

complete reversal. Girard Sharp then led efforts to negotiate a classwide settlement. On October 26, 2022, U.S. District Judge Amy Berman Jackson granted final approval of a $63 million settlement. The settlement benefits the approximately 22 million federal employees and job applicants whose personal information was compromised. The settlement ended a seven-year legal effort to win compensation from the government and compensated victims who suffered a financial loss as a result of the hack, providing for minimum payments of $700, even for those with minor expenses;

        c.    *In re Pacific Fertility Center Litigation*, No. 3:18-cv-01586-JSC (N.D. Cal.). Girard Sharp, acting as co-lead trial counsel for the plaintiffs, secured a $14.975 million jury verdict on June 11, 2021 for five Pacific Fertility Center patients who lost eggs and embryos as a result of a cryopreservation tank failure. The jury found the defendant tank manufacturer, Chart Industries Inc., liable on all claims. The verdict came in the first trial arising out of the tank failure;

        d.    *Bentley v. LG, Electronics U.S.A., Inc.*, No. 19-cv-13554 (D. N.J.); *Sosenko v. LG Electronics U.S.A., Inc.*, No. 8:19-cv-00610-JLS-ADS (C.D. Cal.). Girard Sharp served as co-lead counsel representing consumers who claimed LG knowingly sold defective refrigerators. The refrigerators failed prematurely, and many families were without a refrigerator for weeks. On December 18, 2020, the court granted final approval a class settlement that benefited the owners of approximately 1,550,000 LG refrigerators. Members of the class received cash reimbursements as well as extended warranty coverage. Those without supporting documents could receive up to $450, and those with supporting documents could receive several thousand dollars;

        e.    *In re Nexus 6P Products Liability Litigation*, No. 5:17-cv-02185-BLF (N.D. Cal). Girard Sharp was appointed as co-lead counsel in a class action alleging that Nexus 6P smartphones suffer from a defect that renders the phones inoperable through an endless boot-loop cycle and an accelerated battery drain that causes the phones to shut off prematurely. On November 11, 2019, the court approved a $9.75 million class settlement, stating in part that "Class counsel has extensive experience representing plaintiffs and classes in complex litigation and consumer class actions. . . . [T]he quality of their work is reflected in the results achieved for the class." 2019 WL 6622842, at *10, *12 (N.D. Cal. Nov. 12, 2019);

        f.    *Weeks v. Google LLC*, No. 18-cv-00801-NC (N.D. Cal.). Similarly, Girard

1  Sharp served as co-lead counsel representing owners of Google Pixel and Pixel XL smartphones.
2  Plaintiffs alleged that a defect in the Google phones caused the microphones to fail; as a result, users
3  were unable to make calls, dictate texts, record audio, search the web with voice command, or use the
4  advertised Google Assistant feature. On December 6, 2019, the court approved a cash settlement for
5  the class that it deemed "excellent;"

   g. *In re Yahoo! Mail Litigation*, No. 5:13-cv-4980-LHK (N.D. Cal.). Girard Sharp served as co-lead counsel for a class of non-Yahoo Mail subscribers who alleged that Yahoo illegally intercepted their e-mails to Yahoo Mail subscribers, extracting and using the content in violation of state and federal data privacy laws. The court granted the plaintiffs' motion for class certification, 308 F.R.D. 577 (N.D. Cal. 2015), and following cross-motions for summary judgment the matter was successfully resolved; and

   h. *In re Lenovo Adware Litigation*, MDL No. 2624 (N.D. Cal.). Girard Sharp served as co-lead counsel for a class of computer purchasers whose online activities were surreptitiously monitored by pre-installed software. The undisclosed spyware degraded the computers' performance, operating continuously in the background as it analyzed browsing activity and injected ads into visited webpages. The court certified a nationwide indirect purchaser class for trial on privacy claims. 2016 WL 6277245 (N.D. Cal. Oct. 27, 2016). After the defendants agreed to a non-reversionary cash settlement, Girard Sharp developed a claims process that allowed each participating class member to choose between (1) completing a short online claim form to receive an estimated $40 cash payment for every purchased computer, or (2) submitting receipts or other documentation to recover sums actually expended as a result of the spyware being on the computer, up to $750. The court granted final approval of the settlement in April 2019, see 2019 WL 1791420 (N.D. Cal. Apr. 24, 2019).

   13. In these and many other cases, Girard Sharp attorneys have demonstrated their commitment to responsible and effective advocacy in class action cases. If appointed, Girard Sharp intends to devote its skill and resources to serving as class counsel here.

   14. The following exhibits, attached hereto, are submitted in support of the Motion for Class Certification:

a. Attached hereto as **Exhibit 1** is a true and correct copy of the August 22, 2024 expert report of Professor Zubair Shafiq.

b. Attached hereto as **Exhibit 2** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_002647.

c. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the deposition of Daniel Grunwell, taken on April 17, 2024.

d. Attached hereto as **Exhibit 4** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_012300.

e. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from Fandom's Responses to Plaintiff's Requests for Admission, Set Two.

f. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition of Lincoln Gunn, taken on June 24, 2024.

g. Attached hereto as **Exhibit 7** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_003504.

h. Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_003810.

i. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from Fandom's Second Amended Responses to Plaintiff's Interrogatories, Set One.

j. Attached hereto as **Exhibit 10** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_001729.

k. Attached hereto as **Exhibit 11** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_012380.

l. Attached hereto as **Exhibit 12** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_002171.

m. Attached hereto as **Exhibit 13** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_003740.

n. Attached hereto as **Exhibit 14** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_003748.

o. Attached hereto as **Exhibit 15** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_009211.

p. Attached hereto as **Exhibit 16** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_003731.

q. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from the deposition of Amlesh Jayakumar, taken on March 8, 2024.

r. Attached hereto as **Exhibit 18** is a true and correct copy of the webpage located at https://www.facebook.com/privacy/policies/cookies (last accessed August 21, 2024).

s. Attached hereto as **Exhibit 19** is a true and correct copy of the webpage located at https://developers.facebook.com/docs/meta-pixel/get-started (last accessed August 21, 2024).

t. Attached hereto as **Exhibit 20** is a true and correct copy of the webpage located at https://www.facebook.com/help/211813265517027 (last accessed August 21, 2024).

u. Attached hereto as **Exhibit 21** is a true and correct copy of the webpage located at https://developers.facebook.com/docs/meta-pixel/ (last accessed August 21, 2024).

v. Attached hereto as **Exhibit 22** is a true and correct copy of the webpage located at https://developers.facebook.com/docs/meta-pixel/implementation/conversion-tracking#standard-events (last accessed August 21, 2024).

w. Attached hereto as **Exhibit 23** is a true and correct copy of a document produced by Plaintiff Matthew Beke in this litigation with bates-stamp BEKE_000348.

x. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the deposition of Matthew Beke, taken on March 22, 2024.

y. Attached hereto as **Exhibit 25** is a true and correct copy of the webpage located at https://developers.facebook.com/docs/meta-pixel/advanced/ (last accessed August 21, 2024).

z. Attached hereto as **Exhibit 26** is a true and correct copy of excerpts from the deposition of Ron Schnell taken on July 20, 2024.

aa. Attached hereto as **Exhibit 27** is a true and correct copy of the webpage located at https://community.fandom.com/wiki/User_blog:Brandon_Rhea/We%27re_retiring_legacy_Featured_Video_content_and_replacing_it_with_new_videos (last accessed August 21, 2024).

bb.    Attached hereto as **Exhibit 28** is a true and correct copy of excerpts of a document produced by non-party Meta Platforms, Inc. in this litigation with bates-stamp META_JACKSON_0016. Plaintiff attaches excerpts due to the volume of the native document, which includes 125,000 rows of data equating to approximately 8,000 pages. Plaintiff is prepared to make the complete document available to the Court upon request. Fandom has been served with the complete document.

cc.    Attached hereto as **Exhibit 29** is a true and correct copy of a document produced by non-party Meta Platforms, Inc. in this litigation with bates-stamp META_JACKSON_0001.

dd.    Attached hereto as **Exhibit 30** is a true and correct copy of excerpts of a document produced by non-party Meta Platforms, Inc. in this litigation with bates-stamp META_JACKSON_0015. Plaintiff attaches excerpts due to the volume of the native document, which includes 125,000 rows of data equating to approximately 5,500 pages. Plaintiff is prepared to make the complete document available to the Court upon request. Fandom has been served with the complete document.

ee.    Attached hereto as **Exhibit 31** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_001303.

ff.    Attached hereto as **Exhibit 32** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_002677.

gg.    Attached hereto as **Exhibit 33** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_012390.

hh.    Attached hereto as **Exhibit 34** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_011931.

ii.    Attached hereto as **Exhibit 35** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_011953.

jj.    Attached hereto as **Exhibit 36** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_011964.

kk. Attached hereto as **Exhibit 37** is a true and correct copy of the webpage located at https://candycrush.fandom.com/wiki/File:How_to_use_the_Frog_in_Candy_Crush_Saga (last accessed August 21, 2024).

ll. Attached hereto as **Exhibit 38** is a true and correct copy of a document produced by non-party Meta Platforms, Inc. in this litigation with bates-stamp META_JACKSON_0003.

mm. Attached hereto as **Exhibit 39** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_001718.

nn. Attached hereto as **Exhibit 40** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_001679.

oo. Attached hereto as **Exhibit 41** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_000245.

pp. Attached hereto as **Exhibit 42** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_005179.

qq. Attached hereto as **Exhibit 43** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_012385.

rr. Attached hereto as **Exhibit 44** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_001149.

ss. Attached hereto as **Exhibit 45** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_001070.

tt. Attached hereto as **Exhibit 46** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_000978.

uu. Attached hereto as **Exhibit 47** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_000687.

vv. Attached hereto as **Exhibit 48** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_000265.

ww. Attached hereto as **Exhibit 49** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_000355.

1       xx.    Attached hereto as **Exhibit 50** is a true and correct copy of a document produced by Fandom in this litigation with bates-stamp FANDOM_000549.

      yy.    Attached hereto as **Exhibit 51** is a true and correct copy of Plaintiff's Proposed Trial Plan.

*     *     *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed August 22, 2024, in San Francisco, California.

<u>/s/ <i>Simon S. Grille</i></u><br>
Simon S. Grille

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also caused a copy of the under-seal documents to be served *via electronic mail*.

/s/ *Simon S. Grille*
Simon S. Grille