JENNIFER KELLY (CSB NO. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
DEBORAH HEDLEY (CSB No. 276826)
deborah@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
Fandom, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LUCINDA JACKSON, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No: 4:22-cv-04423-JST<br><br>**DEFENDANT FANDOM, INC'S OPPOSITION TO MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, TO STRIKE EXPERT DECLARATION OF RON SCHNELL**<br><br>Date:            September 12, 2024<br>Time:           2:00 p.m.<br>Courtroom:  6 – 2nd Floor<br><br>Complaint Filed:     July 29, 2022 |

Fandom opposes Plaintiff's motion to exclude or strike the declaration on Mr. Schnell.

<u>First</u>, Plaintiff's motion is procedurally improper because it is an objection to the evidentiary use of the Schnell Declaration in a separate motion to strike, which violates the requirement in Civil L.R. 7-3(a) that evidentiary and procedural objections to a motion "be contained within the brief or memorandum" of an opposition. He apparently did so to go 13 pages beyond the Court's 25-page limit for his opposition. *See* Opp. to MSJ (25 pages); Dkt. 110 (13 pages). Further, Plaintiff noticed the motion to strike 34 days from filing in violation of Civil L.R. 7-2(a). The Court should deny Plaintiff's motion for violating the Court's procedural rules.

<u>Second</u>, Plaintiff's arguments that Mr. Schnell's opinions are "unreliable" does not provide a basis for excluding or striking them. Plaintiff does not dispute that Mr. Schnell is well-qualified, nor can he. Mr. Schnell has a Master of Science degree in computer science, is a professor of computer science, and has been in the computer science field for decades. Schnell Decl. ¶¶ 4–9, Ex. 1. He worked directly with tracking pixels and cookies as a Vice President at Equifax Corporation, where he led software development in the Internet Marketing division. Schnell Decl. ¶ 7. His opinions relate directly (and obviously) to his decades of experience.

Instead, Plaintiff's arguments amount to nothing more than Plaintiff disagreeing with Mr. Schnell. *See* Mot. at 3–6 (asserting that his opinions are "erroneous," and that Mr. Schnell "is incorrect" in his opinions regarding the c_user cookie and the Pixel). This is not a reason to exclude Mr. Schnell's opinions—if Plaintiff believes his opinions are wrong, it is up to him to present contrary evidence. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Plaintiff had full opportunity to depose Mr. Schnell on his opinions.

<u>Third</u>, Plaintiff's argument that Mr. Schnell's opinions must be excluded because they are not based on independent testing is also flawed. Specifically, Plaintiff relies on cases involving "scientific expert opinion testimony." *See Walker v. Conagra Brands, Inc.*, No. 20-CV-01679, 2023 WL 8885148, at *2 (C.D. Cal. Sept. 21, 2023). But "a rote application of the *Daubert* factors" is not appropriate here because Mr. Schnell is offering testimony that is technical, not

scientific, explaining how the technologies at issue work based on his years of experience working with them in a professional capacity. *See Bally v. State Farm Life Ins. Co.*, 335 F.R.D. 288, 297 (N.D. Cal. 2020). Further, Plaintiff's argument that Mr. Schnell analyzed only "pages that would support his conclusion" does not warrant excluding his opinion. *See* Mot. at 6. In opposition, it was Plaintiff's burden to produce evidence showing a genuine issue, and he was free to find other Fandom pages and have his expert opine on them. That he did not even attempt to meet his burden to raise an issue of fact, is not a reason to exclude Mr. Schnell's testimony. And it would be particularly inappropriate to exclude Mr. Schnell's testimony on this basis because this is summary judgment, not trial. *See Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir. 1997) (*Daubert* "should be employed only with great care and circumspection at the summary judgment stage" because it requires a "complex factual inquiry . . . on a truncated record"); *Gulizia v. United States*, No. 03-CV-01222, 2005 WL 6773141, at *1 (N.D. Cal. Aug. 2, 2005) (citing *Volk v. United States*, 57 F. Supp. 2d 888, 896 (N.D. Cal. 1999)) (denying motion to exclude, holding that "when the gatekeeper is also the trier of fact, a more flexible approach is appropriate and the gatekeeping function is less pressing.").

<u>Fourth</u>, Plaintiff's argument that Mr. Schnell's testimony is irrelevant is untrue. Mr. Schnell's opinions directly relate to the technology and subject matter at issue. Plaintiff's argument that Mr. Schnell's testimony is irrelevant is just another attempt to turn his disagreement with Mr. Schnell's opinions into a basis to exclude them.

<u>Fifth</u>, Plaintiff's arguments are based on misreading Mr. Schnell's opinions or taking them out of context. For example:

- Plaintiff argues that Mr. Schnell's opinion that "Fandom would have no way of knowing whether Facebook can or does perform such a correlation" is an opinion on Fandom's state of mind. *See* Mot. at 10. This is not true; in the context of Mr. Schnell's declaration, he was discussing the interaction between "Fandom's servers, the user's browser, and Facebook's servers" and this statement was clearly an opinion that there is no technical way for Fandom to know what Facebook does with information based on this interaction. *See* Dkt. 94-28 ¶ 20.

- Plaintiff argues that Mr. Schnell's opinion that an ordinary person would not be able to correlate a Facebook separable ID with identifying information about a user is again an opinion formed based on technical details of a Facebook separable ID, including that a user's SID does not connect to a user's public Facebook profile and that only Facebook has access to decoding an SID.  *See* Dkt. 94-28 ¶ 15b.  That Mr. Schnell applied the correct standard in rendering his technical opinion does not make it improper.

- Plaintiff argues that Mr. Schnell's review of "sandbox" versions of webpages makes his opinion unreliable because they are not open to the public and correspond to later dates.  Mot. at 8.  The relevance Mr. Schnell's opinion is elucidated by Mr. Grunwell, Fandom's VP of Engineering, who stated that the documents Mr. Schnell reviewed used a sandbox to recreate these webpages "as they would have appeared" on the dates that Plaintiff alleges he watched a video.  *See* Dkt. 94-15 ¶ 21.  Fandom did this because it retired Featured Video content, so the current versions of those webpages are not reflective of the content that would have been there when Plaintiff claims to have visited them.  *Id.*  Thus, the sandbox was used to recreate an accurate version of the way the webpage looked when Plaintiff allegedly visited the page.  Nothing about this makes Mr. Schnell's opinions unreliable.

- Plaintiff further cites "production errors" for HTML documents as a reason to exclude Mr. Schnell's opinion because he was confused about a question regarding whether he reviewed a native version of those documents.  *See* Mot. at 8.  Mr. Schnell clarified that he did review native versions of those document. Gaa Decl., Ex. B at 99:4–20.  Further, counsel for Fandom also confirms that Mr. Schnell was provided with native versions of those documents to review in forming his opinion.  Apple Decl. in Support of Opp. to Mot. to Strike ¶ 2.  This is not a basis to exclude his opinion.

- Plaintiff argues that "Mr. Schnell does not explain the methodology he used to perform his Microdata analysis."  Mot. at 8.  Mr. Schnell is familiar with the three standard formats for Microdata recognize by the Pixel and reviewed the HTML to identify microdata in those formats.  *See* Dkt. 94-28 ¶¶ 24–26.  The methodology is that he

reviewed the code based on his knowledge, and Plaintiff does not explain what other "methodology" there was supposed to be.

<u>Sixth</u>, Plaintiff's argument that Mr. Schnell's testimony should be stricken under Rule 37(c)(1) is off base. Plaintiff's theory collapses upon reading the section of Rule 26 titled "Time to Disclose Expert Testimony" which provides that expert testimony must be disclosed only by stipulation, court order, or at least 90 days before a trial date if one is set. Fed. R. Civ. P. 26(a)(2)(D). There is no stipulation, no court order, and no trial date. Thus, there has yet to be an obligation for Fandom to disclose under Rule 26. None of the cases Plaintiff cites say otherwise—they are about the distinction between a consulting witness and a testifying witness, not disclosure obligations under Rule 26 for a declaration in support of summary judgment. Plaintiff agrees that Mr. Schnell is now a testifying witness and is subject to discovery. And Plaintiff took discovery, including a deposition of Mr. Schnell. Nothing else was required.

Respectfully submitted,

TYZ LAW GROUP PC

Dated: August 23, 2024

<u>/s/ Sean Apple</u>
Sean Apple

Attorneys for Defendant
Fandom, Inc.