Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Reid Gaa (SBN 330141)
Anthony Rogari (SBN 353784)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com
arogari@girardsharp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| MATTHEW BEKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FANDOM, INC.,<br><br>Defendant. | Case No. 4:22-cv-04423-JST<br><br>**DECLARATION OF SIMON S. GRILLE IN SUPPORT OF FANDOM'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, Simon S. Grille, hereby declare under penalty of perjury:

1. I am a partner at the law firm of Girard Sharp LLP and represent Plaintiff Matthew Beke ("Plaintiff") in this action. I have personal knowledge of the facts stated in this declaration and, if called to do so, could and would testify competently thereto.

2. I submit this Declaration pursuant to Local Rule 79-5(f)(3) in support of Fandom's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 118).

3. Plaintiff supports Fandom's motion to seal portions of its reply in support of motion for summary judgment and exhibits attached thereto because they reveal Plaintiff's private information, including the substance of private content that he viewed on Fandom's website. The specific content that Plaintiff seeks to seal is identified in the table below.

4. Plaintiff does not seek to seal any portions of Fandom's reply in support of motion for summary judgment and exhibits attached thereto that are not identified in the table below.

5. A party seeking to seal a judicial record submitted in connection with a motion affecting the merits of litigation must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). This standard requires that a court find a compelling reason to seal records and to articulate the factual basis for its ruling. *Id.* at 1096-97. In doing so, the court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

6. Courts have recognized the "strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature.'" *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (citation omitted). A compelling interest in sealing may also

exist for material that "might be used to gratify private spite . . . or circulate libelous statements . . . ." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks omitted).

7. Plaintiff seeks to seal information detailing private content he consumed on Fandom's website. This information is sufficiently detailed such that, if publicly disclosed and viewed by a third party, the subject matter of this private content would be revealed.

8. The subject matter of the content Plaintiff seeks to seal is inherently private and is information Plaintiff would not voluntarily disclose to the public. The sensitive nature of this information renders it susceptible to being used to gratify private spite or produce a libelous statement.

9. There is no public interest in obtaining access to such personal information. If sealing were denied, it would impair Plaintiff's privacy rights by exposing the very information he seeks to keep private through this lawsuit. Hence, to deny sealing would effectively vitiate Plaintiff's ability to protect the right to privacy afforded under the Video Privacy Protection Act. *See* Dkt. Nos. 101, 115; *see also Stark v. Patreon*, 3:22-cv-03131-JCS (N.D. Cal. Feb. 26, 2024), ECF No. 130 (granting motion to seal similar material in VPPA case).

10. The information Plaintiff seeks to seal is also protected under the stipulated protective order. Paragraph 13.3 of the Stipulated Protective Order requires materials designated as "Confidential" ("Protected Material") to be filed under seal. Protected Material includes information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). *See* Stipulated Protective Order, ¶¶ 2.3, 2.15 (Dkt. No. 46).

11. Plaintiff supports Fandom's motion to seal the following portions of Fandom's Reply in Support of Motion for Summary Judgment:

2

DECLARATION OF SIMON S. GRILLE IN SUPPORT OF
FANDOM'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED
CASE NO. 4:22-cv-04423-JST

| ECF No. | Description | Designating Party | Reasons for Sealing |
|---|---|---|---|
| ECF No. 118-1 | Fandom Inc.'s Reply in Support of Motion for Summary Judgment – the figure on page 12, Lines 15-21 & n.2 | Plaintiff | These portions of the document should be sealed because they detail video content Plaintiff privately consumed on Fandom's website, which if revealed would be susceptible to being used to gratify private spite or produce a libelous statement. If sealing were denied, it would impair Plaintiff's privacy rights by exposing the very information he seeks to keep private through this lawsuit. Hence, to deny sealing would effectively vitiate Plaintiff's ability to protect the right to privacy afforded under the Video Privacy Protection Act. |
| ECF No. 118-2 | Exhibit 1 to the Declaration of Sean Apple in Support of Defendant Fandom, Inc.'s Reply in Support of Motion for Summary Judgment – Deposition Transcript of Zubair Shafiq: Page 53, Lines 6-10; Page 118, Line 15 through Page 132, Line 12 | Plaintiff | These portions of the document should be sealed because they detail video content Plaintiff privately consumed on Fandom's website, which if revealed would be susceptible to being used to gratify private spite or produce a libelous statement. If sealing were denied, it would impair Plaintiff's privacy rights by exposing the very information he seeks to keep private through this lawsuit. Hence, to deny sealing would effectively vitiate Plaintiff's ability to protect the right to privacy afforded under the Video Privacy Protection Act. |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of August, 2024 in San Francisco, CA.

/s/ Simon S. Grille

Simon S. Grille

3

DECLARATION OF SIMON S. GRILLE IN SUPPORT OF
FANDOM'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 4:22-cv-04423-JST

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Simon S. Grille*

Simon S. Grille

4

DECLARATION OF SIMON S. GRILLE IN SUPPORT OF
FANDOM'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED
CASE NO. 4:22-cv-04423-JST