Laurie Edelstein (Bar No. 164466)
Paige Zielinski (Bar No. 318639)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com
pzielinski@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LUCINDA JACKSON, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>FANDOM, INC.,<br><br>            Defendants. | Case No. 4:22-cv-04423-JST-TSH<br><br>Judge:  Hon. Jon S. Tigar<br>Magistrate Judge:  Hon. Thomas S. Hixson<br><br>**DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 124)** |

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

## DECLARATION OF LAURIE EDELSTEIN

I, Laurie Edelstein, declare as follows:

1.  I am an attorney at law licensed to practice in the state of California, and I am a partner with Jenner & Block LLP. I am counsel for Meta Platforms, Inc. ("Meta") in connection with the subpoenas served on Meta in this action, Meta's production of documents in response, and Meta's production of a Rule 30(b)(6) witness for a deposition held on March 8, 2024. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and if called as a witness, I could and would testify competently to them.

2.  I submit this Declaration under Local Rule 79-5(f)(3) in support of Plaintiff Matthew Beke's August 22, 2024 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 124) (the "Motion to Seal"). The Motion to Seal addresses the sealing of (i) identified portions of Plaintiff's Motion for Class Certification (ECF No. 123) (the "Class Certification Motion"); (ii) identified portions of Exhibit 1 to the Declaration of Simon S. Grille in Support of Plaintiff's Motion for Class Certification ("Grille Declaration"), which is the expert report of Dr. Zubair Shafiq ("Shafiq Report") (ECF No. 123-4); (iii) Exhibit 17 to the Grille Declaration, which consists of excerpts from the deposition testimony of Meta's Rule 30(b)(6) witness (ECF No. 123-9); (iv) Exhibits 28, 29, 30, and 38 to the Grille Declaration, which consist of data Meta produced in response to the subpoenas; and (viii) Plaintiff's Proposed Order on the Class Certification Motion (ECF No 123-3).

3.  Meta supports Plaintiff's motion to seal because the documents reveal Meta's confidential business information and reveal information about Meta's proprietary data systems and storage processes, including information about the Meta Pixel. If this information were

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) Pte. Ltd.* v. *IPtronics Inc., et al.*, No. 10 Civ. 2863, ECF Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys., Inc.* v. *OpenTV, Inc.*, No. 13 Civ. 282, ECF Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am familiar with Meta's practices of safeguarding proprietary information based on my experience representing Meta in Pixel-related litigation matters. But if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  revealed, it would put Meta at a competitive disadvantage in the marketplace. The specific content
2  that Meta seeks to seal is identified in the table below.

3      4.    On January 29, 2024, Meta produced data responsive to Plaintiff Matthew Beke's
4  October 23, 2023 subpoena, which Meta bates-stamped as META_JACKSON_0001. Meta
5  designated this data as "Highly Confidential" pursuant to the Court's Stipulated Protective Order
6  (ECF No. 46) because it reflects highly confidential business information of Meta. Exhibit 29 to
7  the Grille Declaration consists of the data Meta produced in response to the subpoena,
8  META_JACKSON_0001. This Court previously has entered orders (ECF Nos. 82, 100, 113)
9  sealing the data in META_JACKSON_0001.

10      5.    On August 2, 2024, Meta produced additional data responsive to Plaintiff Matthew
11  Beke's October 23, 2023 subpoena. Meta designated this data as "Highly Confidential" pursuant
12  to the Court's Stipulated Protective Order (ECF No. 46) because it reflects highly confidential
13  business information of Meta. Exhibits 28, 30, and 38 to the Grille Declaration consist of data
14  Meta produced in response to the subpoena and bates-stamped META_JACKSON_0016,
15  META_JACKSON_0015, and META_JACKSON_0003.

16      6.    On March 8, 2024, Meta's Rule 30(b)(6) witness testified at a deposition that was
17  designated "Attorney's Eyes Only" given the confidentiality of the material discussed. Exhibit
18  17 (ECF No. 123-9) consists of excerpts from the deposition testimony of Meta's Rule 30(b)(6)
19  witness. The Court previously has entered orders granting the parties' motions to seal excerpts
20  from that deposition. (*See* ECF Nos. 100, 113, 114.)

21      7.    Much of the content that Meta supports sealing in the Class Certification Motion
22  (ECF No. 123), the Shafiq Report (ECF No. 123-4), and the Proposed Order (ECF No. 123-3), in
23  turn, contain discuss summarize, or reflect the content of the "Attorney's Eyes Only" Rule 30(b)(6)
24  deposition transcript and reveal Meta's sensitive, proprietary information.

25      8.    A party seeking to seal judicial records in connection with a dispositive motion
26  must demonstrate "sufficiently compelling reasons" that override the public policies favoring
27  disclosure. *See In re Midland Nat'l Life Ins. Co Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119
28  (9th Cir. 2012) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

2003)); *see also Rodman* v. *Safeway Inc.*, No. 11 Civ. 3003 (JST), 2015 WL 13673842, at *1 (N.D. Cal. Aug. 4, 2015) (Tigar, J.). Courts in the Ninth Circuit apply this standard to motions for class certification. *See Adtrader, Inc.* v. *Google LLC*, No. 17 Civ. 7082, 2020 WL 6391210, at *2 (N.D. Cal. March 24, 2020) (collecting cases). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

9. Meta operates in an intensely competitive marketplace. It is a leader with respect to a number of highly dynamic services. Meta has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. As such, Meta takes care to protect the confidentiality of its proprietary information.

10. Disclosure of the information Meta seeks to seal would provide competitors the opportunity to use Meta's information for their own gains. Specifically, competitors could attempt to duplicate features of Meta's business processes. These attempts would cause competitive harm to Meta because Meta's processes provide Meta with an advantage over competitors by allowing it to develop and deliver a higher-quality service to users and advertisers.

11. The Ninth Circuit and courts in this District have recognized that disclosure of business information that could create competitive harm is a compelling reason to seal. *See Chrysler Grp.*, 809 F.3d at 1097; *Rodman*, 2015 WL 13673842, at *2 (finding compelling reasons to seal information that was "internal, nonpublic information" regarding the defendant's business practices that would "expose [the defendant] to competitive harm if disclosed"); *Doe* v. *Meta Platforms, Inc.*, No. 22 Civ. 3580, ECF No. 157 (N.D. Cal. Dec. 21, 2022) (finding compelling reason to seal "information regarding the amount of data that Meta receives" because of "competitive harm that could result from disclosure of the information"); *In re Google Inc. Gmail Litig.*, No. 13 MD 2430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" information related to structures Google has in place regarding its email delivery mechanisms); *Adtrader*, 2020 WL 6395513, at *2 (finding "a compelling reason" to seal

"confidential, non-public information related to how Google maintains the security of its advertising products," including "systems functionality related to detecting and addressing invalid activity"); *Hadley* v. *Kellogg Sales Co.,* No. 16 Civ. 4955, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (finding "compelling reasons" to seal information providing insight into "business strategies and internal decisionmaking").

12.  Meta supports Plaintiff's Motion to Seal the information identified in the table below for the following reasons:

| Document | Document Portions to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|---|
| Plaintiff's Class Certification Motion (ECF No. 123) | Blue-highlighted portions at Page 4, Lines 16-17, 22-23, 28; Page 5, Lines 1-2, 4-5, 8-9, 11, 14-15; Page 7, Line 2; Page 8, Lines 10, 13-14, 23-26; Page 9, Lines 19-28; Page 10, Lines 1-3, 6-18, 22, and Footnote 5; Page 12, Lines 8-14, and Footnote 6; Page 13, Lines 3-6, and Footnote 7; Page 17, Lines 22-23; and Page 18, Lines 2-7. | Non-Party Meta Platforms, Inc. | The identified portions of the document should be sealed because they include Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |
| Exhibit 1, Expert Report of Dr. Zubair Shafiq (ECF No. 123-4) | Blue-highlighted portions at Page 17, Paragraphs 39 and 40; Page 18, Paragraph 41; Page 20, Paragraph 45; Page 27, Paragraph 55, and Footnote 58; Pages 28-29, Paragraphs 59 and 60, and Footnotes 67-70; Page 30, Paragraph 61; and Pages 31-32, Paragraphs 65 and 67. | Non-Party Meta Platforms, Inc. | The identified portions of the document should be sealed because they include Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

| Document | Document Portions to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|---|
| Exhibit 17, Excerpts from the Deposition Transcript of Meta's 30(b)(6) Witness (ECF No. 123-9) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |
| Exhibit 28, META_JACKSON_0016 (ECF No. 123-19) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |
| Exhibit 29, META_JACKSON_0001 (ECF No. 123-19) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

| Document | Document Portions to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|---|
| Exhibit 30, META_JACKSON_0015 (ECF No. 123-19) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |
| Exhibit 38, META_JACKSON_0003 (ECF No. 123-21) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |
| Proposed Order (ECF No. 123-3) | Blue-highlighted portions at Page 4, Lines 16-18; and Page 5, Lines 26-28. | Non-Party Meta Platforms, Inc. | The identified portions of the document should be sealed because they include Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

1   I declare under penalty of perjury under the laws of the United States and the State of
2   California that the foregoing is true and correct.
3   Executed on August 29, 2024 at Poughkeepsie, New York.

                                                                        */s/ Laurie Edelstein*
                                                                         Laurie Edelstein

**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105