UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINDA JACKSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FANDOM, INC.,<br><br>    Defendant. | Case No. 22-cv-04423-JST<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED PENDING NINTH CIRCUIT RULING**<br><br>Re: ECF No. 94 |

Defendant's motion for summary judgment argues that a plaintiff must be a subscriber of "audio-visual goods or services" to qualify as a "subscriber" under the Video Privacy Protection Act.[1] ECF No. 94 at 12–16. Plaintiff contends that status as a subscriber "generally requires [only either] an 'ongoing commitment or relationship' between the parties or the provision of some sort of consideration to the defendant." ECF No. 107 at 12 (quoting *Jackson v. Fandom, Inc.*, 2023 WL 4670285, at *3 (N.D. Cal. July 20, 2023). As another court in this district has noted, "[t]his question has resulted in different outcomes in other courts." *Heather v. Healthline Media, Inc.*, No. 3:22-CV-05059-JD, 2023 WL 8788760, at *1 (N.D. Cal. Dec. 19, 2023).

The *Heather* court decided that the plaintiffs in that case had not alleged their status as "subscribers" because they allegedly subscribed to the defendant's newsletter but not to the services that were actually at issue in their claim, i.e., "services" provided by a "video tape service provider," as set forth in under Section 2710(a)(4). *Heather*, 2023 WL 8788760, at *2 (citing 18

---

[1] Plaintiffs argue the Court's prior ruling at the motion to dismiss stage resolved this issue and should not be reconsidered under the law of the case doctrine. ECF No. 107 at 12–14. The Court rejects this argument. "Given the different standards for motions to dismiss and motions for summary judgment, courts may (and routinely do) reconsider the same legal arguments at the summary judgment stage." *Braden Partners, LP v. Twin City Fire Ins. Co.*, No. 14-cv-01689-JST, 2017 WL 63019, at *6 (N.D. Cal. Jan. 5, 2017).

U.S.C. § 2710(a)(4)).  That decision is currently on appeal to the Ninth Circuit.  Case No. No. 24-4168.

The Ninth Circuit's determination of this question could resolve end the intra-circuit split of authority and avoid the unnecessary expenditure of judicial and party resources.  Accordingly, the parties are ordered to show cause as to why this case should not be stayed pending resolution of the appeal in *Heather*.  The parties shall file a joint written response to this order by September 6, 2024.

The September 12, 2024 hearing on Defendant's motion for summary judgment is vacated.  The Court will schedule a new hearing date if necessary.

**IT IS SO ORDERED.**

Dated:  August 30, 2024

_____
JON S. TIGAR
United States District Judge